FORM TO BE USED BY FEDERAL PRISONER IN FILING A PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2241

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
~~FOR THE EASTERN DISTRICT~~

Glenn P. LaCedra, # 20963-038
Petitioner

FMC Devens, Ayer, Massachusetts
(Full name under which you were convicted; prison number; and full mailing address.)

Vs.

Warden David L. Winn
Respondent

CIVIL ACTION NO. 04-10941 MLW

MAGISTRATE JUDGE _____

RECEIPT # 55823
AMOUNT $ 5
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

FMC Devens, Ayer, Massachusetts
(Name of Warden or other authorized person having custody of petitioner.)

PLEASE COMPLETE THE FOLLOWING. READ THE ENTIRE PETITION BEFORE FILLING IT OUT. ANSWER THOSE QUESTIONS WHICH PERTAIN TO YOUR TYPE OF CLAIM.

1.  This petition concerns: (Check appropriate blank.)

    [XXXX]  a conviction

    [  ]    a sentence  (CAUTION:    If you are attacking a sentence imposed under a federal judgment, you must first file a direct motion under 28 U.S.C. § 2255 in the federal court which entered the judgment.)

    [  ]    jail or prison conditions

    [  ]    prison discipline

    [  ]    a parole problem
    [XXXX]  other.    State briefly:   The Bureau of Prisons is currently denying the Petitioner good-conduct time and earned half-way house placement under the law.

2.  Place of detention: FMC Devens, P.O. Box 879, Ayer, Massachusetts 01432

3.  Have you filed previous petitions for habeas corpus, motions under 28:2255, or any other applications, petitions or motions with respect to this conviction?

    [XXXX] Yes    [ ] No

    If your answer above is "Yes," give the following information:

    a.  Name of Court: United States District Court/ District of Massachusetts

    b.  Nature of Proceeding: Title 28 U.S.C.§ 2255, motion to vacate

    c.  Grounds raised: Ineffective assistance of counsel/ Numerous Brady violations by the Government/ The District Court lacked the jurisdiction to hear the Petitioner's criminal matter/ the Government presented both false and falsified evidence and statements/ and the Petitioner was actually innocent to the crime.

    d.  Result: Dismissed without a hearing

    e.  Date of Result: April, 2000

    f.  Citation or number of any written opinion or order entered pursuant to each such disposition:

        Yes, a three page memorandum unpublished.

4.  If you did not file a motion under Section 2255 of Title 28, U.S.C., or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention: This current petition outlines a problem in how the Federal Bureau of Prisons is carrying out a sentence and how good-conduct time is being denied. 2) The §2255 was heard by the very same judge that is under attack in this motion under the "lack of jurisdiction issue." The last issue outlines both unethical and illegal activities which involves the original sentencing judge.

5.  Are you presently represented by counsel?  [ ] Yes   [XXXX] No

    If so, name, address and phone number of counsel: N/A

2

6.  Name and location of court which imposed sentence:

    United States District Court for the District of Massachusetts
    Judge Reginald C. Lindsay presiding.

7.  Indictment or case number, if known: _____96-10074-RCL_____

8.  Offense or offenses for which sentence was imposed:

    Attempted malicious destruction of a motor vehicle by a destructive device, possession of an illegal destructive device, unregistered.

9.  Date upon which sentence was imposed and the terms of the sentence:

    February 19, 1997, one-hundred twenty months of imprisonment three-years of Supervised Release.

10. When was a finding of guilty made? (Check one.)

    [ ] After a plea of guilty

    [XXXX] After a plea of not guilty

    [ ] After a plea of nolo contendere

11. If you were found guilty after a plea of not guilty, was that finding made by:

    [XXXX] A jury

    [ ] A judge without a jury

12. Did you appeal from the judgment of conviction or the imposition of sentence?

    [XXXX] Yes     [ ] No

13. If you did appeal, give the following information for each appeal:

a.  Name of Court: _____First Circuit Court of Appeals_____

b.  Result: _____Affirmed_____

c.  Date of Result: _____December 1st, 1997_____

d.  Citation or number of opinion: _____Unpublished_____

e.  Grounds raised: (List each one.)

    The District Court improperly cross-referenced the charge with attempted murder, and its Unconstitutional to register a pipe-bomb, it would violate the self-incrimination clause.

3

_____

_____

Note: If you appealed more than once, attach an additional sheet of the same size and give all the information requested above in question No. 13, a through e. Do not write on the reverse of pages.

14. State CONCISELY every ground on which you claim that you are being held unlawfully. Summarize <u>briefly</u> the <u>facts</u> supporting each ground. If necessary, attach a single page behind this page.

CAUTION: If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

a. Ground one: The Petitioner was eligible for six months of either halfway house/ home confinement pursuant to Title 18 U.S.C.§ 3621(b) and §3614(c), but was unfairly denied his ten percent date.

Supporting FACTS:    (Tell your story BRIEFLY without citing cases or law. You are CAUTIONED that you must state <u>facts, not conclusions,</u> in support of your grounds. A rule of thumb to follow is – who did exactly what to violate your rights at what time or place.)

The Petitioner clearly outlines this issue in his attached memorandum of facts and law.

b. Ground two: The Federal Bureau of Prisons improperly denies good-conduct time to prisoners while incarcerated.

Supporting FACTS:

The Petitioner clearly outlines this issue in his attached memorandum of facts and law.

c. Ground three: The District Court in the Petitioner's criminal case lacked the essential subject-matter jurisdiction "Ab Initio."

4

Supporting FACTS: The Petitioner outlines this issue in his attached memorandum of facts and law, with attached exhibits. The Petitioner could not raise this issue through a Title 28 U.S.C.§ 2255, because the very same judge that both sat through the Petitioner's criminal trial and sentenced him would rule on this motion, a motion that outlines his possible criminal culpability and wrongdoing. It is very unlikely, that a judge <u>accused</u> of these things would even fairly rule on a Title 28 U.S.C.§ 2255 motion, the only alternative is a Title 28 U.S.C.§ 2241 motion.

15. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

I would like the Court to have the Government both specifically and adequately address each and every issue, and the merits of each claim. I would like this Court to grant <u>relief</u> which is both just and fair after an evidentiary hearing is held.

Signed this ___12th___ day of ___May___, 20_04_.
             Day                    Month            Year

_____
Signature of Petitioner

I declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Executed on ___5-12-04___.
          (Date)

_____
Signature of Petitioner

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS


Glenn P. LaCedra, # 20963-038,
           Petitioner,
vs.                                        Case Number.

Warden David L. Winn,
           Defendant.


MEMORANDUM IN SUPPORT OF THE PETITIONER'S TITLE 28 U.S.C.§ 2241 MOTION

NOW COMES THE PETITIONER, Glenn P. LaCedra, # 20963-038, acting Pro-Se in order to humbly request leave of this Honorable Court to include this memorandum of facts and law to be incorporated with his Title 28 U.S.C.§ 2241 motion.

The Petitioner a federally incarcerated inmate states the following in support of this pleading:

I.                          FACTS AND TRAVEL

On January 26th, 1996, the Petitioner was arrested by members of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, ("BATF"). The Petitioner was charged with the "unlawful possession of an unregistered pipe-bomb" and detained until he was indicted by a federal Grand Jury.

On March 13th, 1996, an indictment was returned against the Petitioner and he was arraigned on March 25th, 1996. The Petitioner was indicted for violations of Title 18 U.S.C.§ 844(i), attempted malicious destruction of a motor vehicle by means of a destructive device; Title 26 U.S.C.§ 5861(c), possession of an unlawfully made destructive device; and Title 26 U.S.C.§ 5861(d), possession of an unlawfully made destructive device which was not registered with the National Firearms Registration and Transfer Record. The Petitioner pleaded not guilty and-

-i-

proceeded to trial before the Honorable District Court Judge Reginald C. Lindsay of the District of Massachusetts. The Petitioner was prosecuted by Assistant United States Attorney Robert E. Richardson of the District of Massachusetts.

The Petitioner's trial commenced on September 26th, 1996 and ended in a verdict of guilty on all three counts of the indictment on October 9th, 1996. The Petitioner was represent by Attorney Richard H. Wynn of East Boston, Massachusetts, an attorney that was recently disbarred.

On February 19th, 1997, the Petitioner was sentenced to serve One-hundred and twenty months on incarceration or "ten-years of imprisonment" to be followed by three-years of Supervised Release.

The Petitioner appealed both the conviction and sentence which was affirmed on December 1st, 1997. The Petitioner also filed a Title 28 U.S.C.§ 2255 motion to the district court which was ruled upon by District Court Judge Reginald C. Lindsay in April of 2000, without an evidentiary hearing.

In November of 2003, the Petitioner through his unit-team was determined to be eligible for the "full ten-percent of halfway house placement," the unit-team both promised and recommended "six-months" of placement to begin on April 23rd, 2004.

On March 24th, 2004, the unit-team at FMC Devens located in Ayer, Massachusetts required the Petitioner to sign a "halfway house acceptance form" which outlined a halfway house placement date of July 26th, 2004. See: Exhibit AA.

On March 25th, 2004, the Petitioner wrote a letter to the warden addressing the problem with receiving less than "six-months of halfway house placement," which went unaddressed and ignored. See: Exhibit AA/ supplement.

To date, all letters and correspondences sent to the appropriate persons asking for help in rectifying the "halfway house issue" and the issue of "not receiving full credit for good-time" have fell on deaf ears. This pleading follows.

### THE PETITIONER WAS ELIGIBLE FOR SIX MONTHS OR EITHER HALFWAY HOUSE/ HOME CONFINEMENT PLACEMENT PURSUANT TO TITLE 18 U.S.C.§ 3621(b) AND § 3614(c), BUT WAS <u>UNFAIRLY</u> DENIED HIS TEN PERCENT DATE

In the instant case, the Petitioner Glenn P. LaCedra, # 20963-038, a federal prisoner currently serving a "ten-year" prison <u>sentence</u> at the Federal Medical Center Devens was both eligible and <u>promised</u> by this institution that in his last <u>ten-percent</u> date of his current federal sentence, he would be placed in either a halfway house or on home-confinement.

The Petitioner's ten-percent date was April 23rd, 2004, but the Petitioner was instead given ("87") eighty-seven days of halfway house placement which would start on July 26th, 2004. In fact, several other inmates to date have actually received the full <u>ten-percent</u> date concerning halfway house placement, yet, the Petitioner was denied in violation of the United States Constitution's "Equal Protection Clause." <u>See</u>: Exhibit AA/ Halfway House acceptance letter.

Although, Title 18 U.S.C.§ 3621(b) provides:

> "...The BUREAU OF PRISONS <u>shall</u> designate the place of the prisoner's imprisonment: The Bureau may designate any available penal or correctional facility...that the Bureau determines to be appropriate and suitable..."

Title 18 U.S.C.§ 3624(c), outlines what steps the Federal Bureau of Prisons is <u>required</u> to take at the end of an imprisonment term to ease a prisoner's transition back into society, which 95% of all inmates will return to someday.

One step is to insure that in the <u>last</u> ten-percent of an inmate's prison term or maximum of (6) six months, an inmate <u>should</u> be placed on either home confinement or halfway house placement. This would benefit an inmate with his or her re-intergration back into society. The United States Congress's directive as outlined in the statute, "Title 18 U.S.C.§ 3624(c)" is specific and must be followed by the Federal Bureau of Prisons, it is the law of the land without question. <u>See</u>: Monahan vs. Winn, 276 F.Supp.2d 196 (D.Mass 2003).

In the instant case, the Petitioner was <u>promised</u> through his unit-team that he would in fact receive and be eligible for six-months of placement in either a halfway house or on home-confinement. The unit-team actually stated that both the Regional Office of the Bureau of Prisons and the Central Office of the Bureau of Prisons would have to "first approve," and that this process would take a little time. <u>See</u>: Exhibit AAA/ Unit-team review at page two.

Moreover, during the final <u>ten-percent</u> of the term of imprisonment, not to exceed six-months, under Title 18 U.S.C.§ 3624(c), the statute specifies the following:

> "...(c) <u>Pre-release custody</u>
>
> The Bureau of Prisons <u>shall</u>, to the extent practicable, <u>assure</u> that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last ten per centum of the term to be serviced under the conditions which will afford the prisoner a reasonable opportunity to adjust to and prepare for a prisoner's re-entry into the community..."

The Bureau of Prisons <u>shall</u> take steps to <u>assure</u> that prisoners serve the last ten percent of their prison terms "under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for a prisoner's re-entry into the community, this is the law as outlined in the above statute and articulated in the First Circuit case of <u>Kennedy vs. Winn</u>, C.A. 03-10568-MEL (D.Mass.9/9/03).

The Petitioner has been incarcerated continually since January 26, 1996, and can be sure that the world of July 26, 2004, is dramatically different in several respects warranting a longer period of time in "transition" in order to re-enter the community. Most importantly, other inmates similarly situated are receiving the full ten-percent time from this institution without question.

In the instant case, the Bureau of Prisons has <u>failed</u> to follow the statutes dealing with this meritorious issue, and this Honorable Court should immediately grant the Petitioner both "fair and just" relief.

## THE FEDERAL BUREAU OF PRISONS IMPROPERLY DENIES GOOD-CONDUCT TIME
## TO PRISONERS WHILE INCARCERATED

In the instant case, the Petitioner Glenn P. LaCedra, # 20963-038, a federally sentenced inmate currently housed at F.M.C. Devens is being <u>denied</u> a portion of the "good-time" that he is legally entitled to, the Federal Bureau of Prisons does not award good-time credit on the basis of the length of sentence imposed, but rather on the number of days actually "served."

<u>See</u>: Code of Federal Regulations ("C.F.R.") §523.20 (1989); and the Bureau of Prisons' Program Statement 5880.28 at 1-48.

The Federal Bureau of Prisons currently accords prisoners only <u>four-seven</u> days (47) a year for "good-conduct time," not the statutory fifty-four days (54) a year that each prisoner should receive <u>pursuant</u> to Title 18 U.S.C.§ 3624(b).

The Petitioner was sentenced on February 19th, 1997, to a federal <u>sentence</u> of one-hundred and twenty months ("10 years") of incarceration in the District of Massachusetts.

In fact, however, under the Bureau of Prisons' program statement, a prisoner sentenced to a ten-year term of imprisonment earns not five-hundred and forty days, ("540 days") of good-conduct time credit, but only four-hundred and seventy days, ("470 days"). <u>See</u>: B.O.P. Program Statement 5880.28 at 1-48.

Contrary to the statute governing "good conduct time," namely Title 18 U.S.C. §3624(b), the Bureau of Prisons explicitly and illegally instructs its minions and personnel to simply ignore the sentence imposed by the trial judge, but rather focus on the number of days actually served incarcerated.[2]

Moreover, the painful logic of the Petitioner's position is simple, that he should be eligible for up to fifty-four ("54 days") for each of the ten-years of his term of imprisonment.

---

[2] The last year of a prisoner's sentence is also prorated which in turn gives that inmate a lot less "good-time credits."

Most importantly, seizing on the reference in the statute, ("Title 18 U.S.C. § 3624") to fifty-four days, the Petitioner strongly argues that the amount of good-time to which he is <u>entitled</u> should be determined by simply multiplying **<u>54 by 10</u>**[3] for a total of **540 days**. The Petitioner's argument makes sense on its face, he is subject to a ten-year term of imprisonment: he should receive a credit of fifty-four days for each year of that term.

In fact, one circuit court has already addressed this very issue and has determined the phrase outlined in Title 18 U.S.C.§ 3624, "term of imprisonment" as being somewhat ambiguous, it could be construed reasonably to mean either the term sentenced or the amount of time served while incarcerated. <u>See</u>: Camacho vs. Hood, 272 F.3d 1266, 1268-69 (9th Cir 2001).

However, when Congress has used the phrase "term of imprisonment" in other statutes, it generally does so as a synonym for "sentence" only. <u>See</u>: Title 18 U.S.C.§ 506(b)(3); Title 18 U.S.C.§ 844(h); and Title 18 U.S.C.§ 924(c)(1)(D)(ii).

Lastly, the Federal Bureau of Prisons has absolutely no discretion to <u>construe</u> or <u>interpret</u> an unambiguous statute like Title 18 U.S.C.§ 3624, and the Petitioner is entitled to a hearing on this meritorious claim, that the Federal Bureau of Prisons is calculating the Petitioner's "good-time credits" in violation of Title 18 U.S.C.§ 3624(b)(1), and incorrectly. A hearing is required in the spirit of fundamental fairness and in the interest of justice, and because the statute itself is both "crystal clear and unambiguous."

---

[3] Fifty-four days of "good conduct time" by ten-years of the actual sentence imposed by the United States District Court for a total of five-hundred and forty-days. <u>See</u>: Title 18 U.S.C.§ 3624(b).

## THE DISTRICT COURT IN THE PETITIONER'S CRIMINAL CASE LACKED
## THE ESSENTIAL SUBJECT-MATTER JURISDICTION "AB INITIO"

In the instant case, the United States District Court lacked the essential subject-matter jurisdiction "ab initio" simply because the prosecutor lacked both the authority and the power to proceed with the Petitioner's criminal case.

The prosecuting attorney at the time, a man named Robert E. Richardson was solely responsible for culminating all of the evidence and witnesses in order to present the case to a federal Grand Jury. This was accomplished on or about March of 1996. The result of these actions by Former Assistant United States Attorney Robert E. Richardson led to a "true-bill indictment" against the Petitioner on March 13, 1996. See: 3/25/96 Tr. Arraignment.

First, before any assistant United States Attorney can assume his duties as an "authorized United States Attorney," this individual must comply with the "oath of office" requirements as outlined in the law namely, Title 28 U.S.C.§ 544, entitled; Oath of Office, which states:

> "...Each United States Attorney, assistant United States Attorney, and Attorney appointed under Section 543 of this title, **Before taking office**, shall take an oath to execute faithfully his duties..."
> See: Pub.L. 89-554, §4(c), Sept. 6, 1966, 80 Stat. 618.

This oath requirement actually originates from the United States Constitution pursuant to that document's "Oath Clause," which states:

> "...All Executive and Judicial officers, both of the United States and of the several states, shall be bound by oath of affirmation, to support the United States Constitution..."
> See: U.S. Constitution Article 6, Clause 3; and M'Cullock vs. Maryland, 17 U.S. 316, 4 Wheat. 316, 4 L.Ed 579 Md. (1819).

Most importantly, the United States Supreme Court has held that all officers of the United States are to be appointed in accordance with the Constitution's Oath Clause. See: Buckley vs. Valeo, 424 U.S. 1, 46 L.Ed.2d 659 (1976).

-5-

Secondly, pursuant to Title 5 U.S.C.§ 3332, entitled; Officer Affidavit, an individual must **comply** with the following pertaining to the oath of office:

> "...An officer, within 30 days **after** the effective date of appointment, shall file with the oath of office required by section 3331 of this title an **affidavit** that neither he nor anyone acting in his behalf has given, transferred, promised, or paid any consideration for or in the expectation or hope of receiving assistance in securing the appointment."
> See: Pub.L. 89-544, Sept. 6, 1966, 80 Stat. 424.

One can safely conclude through the above stated statutes that the oath of office and accompanied affidavit **must** be in writing and on file according to the law, and must be done thirty-days after the effective date of appointment.

In fact, the next statute actually outlines the places where these important documents are maintained. Under Title 5 U.S.C.§ 2906, entitled; Oath Custody, these public documents are safely maintained in:

> "...The oath of office taken by an individual under Section 3331 of this title **shall** be delivered by him to, and **preserved by**, the House of Congress, agency, or court to which the office pertains."
> See: Pub.L. 89-554, Sept. 6, 1966, 80 Stat. 412.

Moreover, all of the above outlined statutes seem to originate from Title 5 U.S.C.§ 3331, entitled; Oath of Office, which must be outlined in order to understand the very importance of this issue. It reads;

> "..An individual, except the President, elected or **appointed** to an office of honor or profit in civil service or uniformed services, **shall** take... oath...This section does not affect other oaths **required** by law."
> See: Pub.L. 89-554, Sept. 6, 1996, 80 Stat. 424.

Most importantly, as outlined in American Jurisprudence, 2d Edition 2002, under the "Functions of Oath or Affirmation" at §5 of page 876, it outlines the following:

> "...The requirement of an oath is not merely a technicality. Its administration in legal form, is regarded not only as the **highest test of the truth**, but as instrument appropriated by the law for the ascertainment of the truth in judicial investigations..."

Remembering, that these statutes were enacted not as a limitation of authority, but to outline it.

See: United States vs. Pignatiello, 582 F.Supp 251 (1984).

Thirdly, an act of the United States Congress is the law of the land, a law that all federal officials are sworn to uphold whether they are judicial officers, "Title 28 U.S.C.§ 453," or if they are legislative officials, " Title 2 U.S.C.§ 21 & 25," and most importantly all executive officials, "Title 5 U.S.C.§ 3331." This being the case the very importance of the "oath of office" for any and all persons employed by the federal government is essential and legally binding.

In Furtherance, a United States District Court lacks the essential subject-matter jurisdiction to entertain a criminal or civil case if it appears that the government official either lacked the power or the authority to prosecute the defendant from the beginning.

See: United States vs. Suescan, 237 F.3d 1284 (11th Cir 2001).

Fourthly, in the instant case, the prosecuting attorney and Former Assistant United States Attorney Robert E. Richardson blatantly failed to **comply** with the simple laws governing his required oath of office and loyalty affidavit before he proceeded with the Petitioner's criminal action in 1996.

This claim can be proven through the attached exhibits which were obtained with "due diligence" within the last six months. The Petitioner sent numerous letters to the clerk of the court for the United States District Court for the District of Massachusetts, the Executive Office for United States Attorneys located in Washington, D.C., and the House of Congress in order to obtain this former assistant United States Attorney's oath of office and loyalty affidavit.

On July 31st, 2003, the Petitioner made a request to the United States District Court located in Boston, Massachusetts and requested the following public documentation that should have been maintained.

-7-

> "...A true certified copy of the "oath of office" of the following persons: Former United States Attorney of Massachusetts Donald K. Stern, Esquire, 1993-2001 Former Assistant United States Attorney for the District of Massachusetts Robert E. Richardson, Esquire, 1995-2000."
> See: Letter of 7/31/03; U.S. District Court.

This request was ignored, and the Petitioner was forced to write several letters in order to finally obtain a reply on December 15, 2003, which read as follows:

> "...Accordingly, documents related to the oath of office taken by U.S. Attorneys are not maintained in this office. These documents are maintained by the United States Attorney's Office in Boston."
> See: U.S. District Court letter of 12/11/03.

In fact, however, before receiving the above United States District Court confirmation that absolutely no "oaths of office, nor loyalty affidavits were maintained in the United States District Court," the Petitioner received one other independent letter outlining the very same fact. The notarized affidavit of Dr. Robert L. Tatro also outlined the following facts:

> "...I was able to talk to Mrs. Judy Litwin, the Admissions Clerk...Mrs. Litwin explained to me that the "oath of office" is not required in the Boston District. To her knowledge no attorneys had taken the oath in the two years she has been at her position...She didn't believe any attorneys in this district has taken the "oath of office," therefore it was correct to say they hadn't taken the oath..." ("Took place on October 2, 2003").
> See: Dr. Tatro notarized affidavit of 11/25/03.

Moreover, the Petitioner through "due diligence" had also discovered that neither the United States District Court for the District of Rhode Island, nor the United States District Court for the District of New Hampshire maintained any "oaths of office or loyalty affidavits" of any United States Attorney or Assistant United States Attorney. See: U.S. District Court letters.

The Petitioner then directed his attention to the agency as outlined in Title 5 U.S.C.§ 2906, and wrote the Executive Office for United States Attorneys located in Washington, D.C., pursuant to the Freedom of Information Act, and after numerous letters received a letter October 14, 2003, from the agency which outlined the following information about Former United States Attorney Donald K. Stern of the District of Massachusetts.

-8-

The Executive Office for United States Attorneys' letter outlined the following:

> "...1 [xx] A search for records located in this office has revealed **No Records** (Please see the attached explanation sheet).
>
> **Continuation Sheet:**
> EOUSA received your initial letter and split your request into two case files...The Oath of Office of Mr. Stern is no longer maintained at either the USAO or EOUSA Personnel Offices..."
> See: EOUSA Letter of 10/10/03, and several follow-up letters from the Petitioner.

This reply was answered by the Petitioner and timely appealed through the agency administrative remedy process. At the very same time, the Petitioner was also corresponding by himself and with the help of others to the House of Congress as outlined in Title 5 U.S.C.§ 2906, for answers.

On September 26, 2003, an independent researcher by the name of Ms. K.A. Hartley of Orleans, Massachusetts received a "fax" from Mr. James W. Martin, Jr., an Operations Officer employed by the Library of Congress in Washington, D.C., which outlined the following facts:

> "...This is in reply to your telefax inquiring if oaths of office of current or former United States Attorneys are stored at the Library of Congress. These affirmations are not stored at the Library of Congress."
> See: Library of Congress fax of September 26, 2003.

The Petitioner requesting the assistance of two members of Congress wrote to United States Congressman Edward J. Markey and United States Senator Edward M. Kennedy. The Petitioner received a response from Senator Kennedy's office, but absolutely nothing from Congressman Markey.
See: Petitioner's 8/29/03 and 8/15/03 letters with response letter.

On October 26, 2003, the Petitioner using "due diligence" wrote to the "National Archives and Records Administration" located in Washington, D.C., for information on the oaths of office and loyalty affidavits. On November 20, 2003, the "Center for Legislative Archives" located in College Park, Maryland wrote the Petitioner and interestingly illustrated some "Key facts."

> "..This is in reply to your Freedom of Information Act request of November 4, 2003, for copies...oaths of office and loyalty affidavits for former U.S. Attorney Donald K. Stern and Assistant United States Attorney's **Robert E. Richardson**...Please note that the National Archives and Records Administration (NARA) acquires, preserves, and makes available for research records of enduring value created or **received** by organizations of the **executive, legislative,** and **judicial** branches...the majority of records in custody are more than 30 years old..."
> See: NARA letter dated October 20, 2003/ and follow-up letters.

It was safe to conclude that neither the courts, agency, nor the House of Congress either possessed or maintains these documents as legally required and outlined in Title 5 U.S.C.§ 2906, entitled; Oath Custody.

The Petitioner's "quest" had reached a "proverbial dead-end," when a letter arrived from the Executive Office for United States Attorneys on November 24, 2003. This correspondence simply enclosed a copy of the "Oath of Office and Loyalty Affidavit" of Former Assistant United States Attorney Robert E. Richardson, the man solely responsible for initiating, investigating, cullying, and prosecuting the Petitioner's criminal case in 1996. This prosecutor initiated the Petitioner's bail hearing and all Grand Jury Proceedings by himself.

Assistant United States Attorney Robert E. Richardson was the **sole** prosecuting attorney in the Petitioner's signed "true bill" indictment and in the criminal trial on behalf of the United States Government.

In fact, however, after further review of this released "Oath of Office and Loyalty Affidavit," it wouldn't be either wrong or improper to state that Assistant United States Attorney Robert E. Richardson was not authorized, nor had the essential power as an "authentic government attorney" to either present or to prosecute the Petitioner's criminal case in the United States District Court for the District of Massachusetts in the year 1996.

Moreover, further analysis of the released document clearly and convincingly reveals several problems with the "authenticity" of it, bordering on both fraud and deceit upon the court. These problems are clearly illustrated as such.

-10-

a. The document outlines the "date of appointment" for Assistant United States Attorney Robert E. Richardson as taking place on January 26, 2003, a day which mysteriously occurred on a **Sunday**. A day when all federal and state courthouses are closed for business.

b. The document outlines the date of this individual being sworn-in, as taking place on February 26, 2003, and that the authorized person swearing him in was United States District Judge Reginald C. Lindsay. This event takes place (30) thirty-days after the alleged appointment because there were thirty-one (31) days in the month of January, 2003 and not simply (30) thirty. This violates Title 5 U.S.C.§ 3332, and the mandatory deadline of (30) thirty-days after appointment.

c. The document is signed by United States District Judge Reginald C. Lindsay above the line entitled; "signature of officer" and signed a second-time again on the line entitled; "signature of appointee" by the very same judge.
Mr. Robert E. Richardson's name is illustrated improperly under the line as an afterthought.

d. The affidavit of Maryellen Barrett of the United States District Court in Boston, Massachusetts made out in September of 2000, clearly illustrates that Former Assistant United States Attorney Robert E. Richardson no longer works for the United States Attorney's Office. If this man no longer works for the United States Attorney's Office, there is absolutely no need to both take and file an oath of office almost three-years after leaving office, unless to rectify a fatal past-mistake.
See: Maryellen Barrett Declaration of September 29, 2000, at page three.

e. The affidavit of Robert E. Richardson himself, in the criminal case of the United States vs. Smith, case number 97-10025-PBS, outlines that he is in private practice sometime between September 2000, to date.
See: Richardson affidavit in U.S. vs. Smith, # 97-10025-PBS.

f. In the Petitioner's instant case, Former Assistant United States Attorney Robert E. Richardson was neither duly sworn, nor had an oath of office or loyalty affidavit done or filed in the year 1996. This man was mysteriously "authorized" and sworn-in on Sunday, January 26, 2003, exactly six-years after the Petitioner was arrested, indicted, prosecuted, tried, convicted, and sentenced. Mr. Richardson was in violation of Title 5 U.S.C.§ 3331,3332; and Title 28 U.S.C.§ 544.

In fact, however, according to the United States Supreme Court caselaw and numerous circuit caselaw, Mr. Robert E. Richardson lacked both the power and the essential authority as an "authorized United States Attorney" to even initiate the Petitioner's prosecution "ab initio." He was not acting as an "authorized United States Attorney," but a private attorney throughout the Petitioner's criminal case.

See: Buckley vs. Valeo, 424 U.S. 1, 46 L.Ed.2d 659 (1976); United States vs. Pignatiello, 582 F.Supp. 251 (D.Colo. 1984); and United States vs. Suescan, 237 F.3d 1284 (11th Cir 2001).

Remembering, that the original purpose of the writ of habeas corpus, of course, was to allow relief where a defendant was convicted by a court that lacked the essential subject-matter jurisdiction, and the Petitioner should fare no less. See: Johnson vs. Zerbst, 304 U.S. 458, 82 L.Ed. 1461 (1938).

Lastly, because of Former Assistant United States Attorney Robert E. Richardson's outlined failings illustrated above, the United States District Court, in turn, was devoid of the essential subject-matter jurisdiction needed to even hear the Petitioner's criminal case "ab initio," and the Petitioner is surely entitled to relief as well. See: Suescan, 237 F.3d.

### A. THE USE OF A TITLE 28 U.S.C.§ 2255 MOTION IN ORDER TO CHALLENGE THE DISTRICT COURT'S LACK OF SUBJECT-MATTER JURISDICTION WOULD HAVE BEEN BOTH INADEQUATE AND INEFFECTIVE WARRANTING A §2241 CHALLENGE

First, in the Petitioner's instant case, the use of a Title 28 U.S.C.§ 2255 action challenging the "district court's lack of subject-matter jurisdiction" would have been both fruitless and inadequate. The reasons are obvious, the Petitioner has illustrated several statutes which were violated by Former Assistant United States Attorney Robert E. Richardson through the "questionable" oath of office and loyalty affidavit which were alleged done in early 2003.

These violations, if conclusively proven, can also show that another person was also involved in this "sham" as well. This person was responsible for both

-12-

"insuring that the Petitioner received a fair trial," and that the Petitioner received an impartial arbitrator throughout his both criminal and post-conviction litigation. That individual jurist was the Honorable United States District Court Judge Reginald C. Lindsay of the District of Massachusetts.

Judge Reginald C. Lindsay was <u>assigned</u> to the Petitioner's case directly after the Petitioner was indicted in March of 1996. This judge was involved in each and every aspect of the Petitioner's criminal action and post-conviction proceedings, and denied every motion filed by the Petitioner including his §2255 motion.

This very same jurist signed Former Assistant United States Attorney Robert E. Richardson's very questionable January 26, 2003, "Oath of Office and Loyalty Affidavit." It was signed by Judge Reginald C. Lindsay in two places as him being the "appointee" and the "officer" who swore-in the appointee himself.
<u>See</u>: Richardson oath of office/ loyalty affidavit dated 1/26/03, Exhibit CC.

In fact, the allegations outlined by the Petitioner above and the questionable "authenticity" of the Richardson oath of office document dated January 26, 2003, would have placed Judge Reginald C. Lindsay in a very "strange situation," he would either be forced to "explain" himself which is highly unlikely, or he would have to deny any involvement with the "problematic document" which in turn would outline "falsifying of Government documents," a very serious crime. These facts alone, would make a second or successive §2255 action in front of Judge Reginald C. Lindsay both ineffective and inadequate depriving the Petitioner of a both "unbiased and fair" review of the claims.

**B.   A §2255 ACTION WOULD BE BOTH INEFFECTIVE AND INADEQUATE SIMPLY BECAUSE THE FIRST §2255 RAISED SOME OF THE SAME CLAIMS WHEN THEY WERE "UNRIPE" AND NEEDED FURTHER REVIEW BY JUDGE REGINALD C. LINDSAY**

The Petitioner in his first petition pursuant to §2255, raised a viable yet, "unripe" issue challenging the district court's "subject-matter jurisdiction" in April of 1998.

-13-