This previously "raised issue" did not clearly "enunciate" the claim dealing with the oath of office and loyalty affidavit, but it did expound upon the fact that, "the Petitioner's crime was a wholly state one and that the United States District Court lacked 'the essential jurisdiction' from the on-set."

In fact, the Petitioner sought further discovery through Rule 6 of the Rules Governing all Title 28 U.S.C.§ 2255 petitions to Judge Reginald C. Lindsay when the Petitioner's §2255 was pending. The Petitioner was diligently looking for his 'entire casefile' which would have included Grand Jury information and other information substantiating the Petitioner's claim that his Assistant United States Attorney that was responsible for prosecuting his criminal case was not "duly authorized" from the on-set.

The district court after two-years simply denied the entire pleading without an evidentiary hearing leaving the "unripe issues" dealing with the lack of subject-matter jurisdiction to die before reaching fruition.

Most importantly, a petition before Judge Reginald C. Lindsay outlining the oath of office issue and the very problems with that particular document would certainly "fall on deaf ears," especially since the Petitioner has outlined that his district court judge possibly was culpable in this endeavor with Assistant United States Attorney Robert E. Richardson. See: Exhibit CC/ Richardson oath of office.

Lastly, the Petitioner can also substantiate that he was both actively and diligently seeking further information through the Freedom of Information Act, ("FOIA"), for a number of years, and is still awaiting more information which made his original §2255 motion prematurely dismissed and subject to further review. See: LaCedra vs. Executive Office for United States Attorneys, 317 F.3d 345 (D.C. Cir 2003).

These very reasons together with this main issue made the original §2255 motion and any prior §2255 motions before Judge Reginald C. Lindsay both ineffective and inadequate at best.

-14-

III.                            <u>CONCLUSION</u>

WHEREFORE, for all the issues listed within, the attached exhibits, and the record, this Honorable Court should conduct an evidentiary hearing on these meritorious issues in the interest of justice and fundamental fairness.


May 12th, 2004                          Sincerely submitted,

                                        Glenn P. LaCedra,  # 20963-038

                                        FMC Devens, P.O. Box 879,

                                        Ayer, Massachusetts      01432



**COOLIDGE HOUSE**

A PROGRAM OF

# COMMUNITY RESOURCES ◆for JUSTICE

David L. Winn, Warden
FMC – Devens
42 Patton Road P. O. Box 880
Ayer, MA. 01432

March 17, 2004

### RE: LACEDRA, Glenn
### Register # 20963-038

This is to inform both your-self and the above inmate of acceptance into our program. The acceptance date for the above individual will be **7-26-04.**

In accordance with the Federal Bureau of Prison's policy, only the regional or central office has the authority to issue final approval for placement of Central Inmate Monitoring Cases into a community corrections center. Therefore, the above acceptance date is always subject to approval from the appropriate authority.

Enclosed is a copy of the Program Standards and House Responsibilities.

Please have the prospective inmate read, fill in, and sign the attached Agreement Form.

PLEASE RETURN THE SIGNED AGREEMENT FORM, AS WELL AS THIS SIGNED FORM, TO:

Coolidge House Comprehensive Sanction Center
ATTN: ADMINISTRATIVE ASSISTANT
307 Huntington Ave.
Boston, MA  02115

Sincerely,
Gretchen Slonina
Administrative Assistant

---

I have read the above and carefully reviewed the enclosed forms.  I hereby acknowledge my understanding by signing my name below.

Brian A. Callery
PRESIDENT

John J. Larivee
CHIEF EXECUTIVE OFFICER

_____     _____3-24-04____
Inmate Signature                          date

_____     _____3/24/07____
Witness Signature                         date

307 Huntington Avenue
Boston, MA 02115
T 617-437-1967
F 617-424-1391
www.crjustice.org

Glenn P. LaCedra, # 20963-038
FMC Devens, P.O. Box 879,
Ayer, Massachusetts    01432


Warden David L. Winn
FMC Devens, P.O. Box 879,
Ayer, Massachusetts    01432


Dear Warden Winn,

   On March 24th, 2004, I received my half-way house acceptance packet from Casemanager Powers in my unit. This packet outlines a date of July 26th, 2004, as a date of acceptance for the "Coolidge House" located in Boston, Massachusetts.

 I am writing with hopes that this letter will be read with both compassion and understanding. I have been incarcerated for over eight (8) years and will max-out on October 23rd, 2004. To date, I am only going to receive about eighty-seven (87) days of halfway house placement. This time will be needed in order to piece my life together after spending eight-years of it imprisoned and out of touch with reality.

 I realize that receiving a full six-months of placement is nearly impossible at FMC Devens, but I am requesting that your intervention can make it possible to receive more time, for up to a hundred and twenty days (120). The reason for such a request is obvious, but it is far more important, my parents will be celebrating their (50) fiftieth wedding anniversary on June 20th, 2004, and it would mean the world to them for me to be in the outside world and closer to them. I have put my beloved parents through an awful lot of pain and suffering and simply must do all that I can to make their wish come true. Secondly, the world has greatly changed and there are many items that did not exist when I was last out in the world and would require the most time in "transition" as possible.

 Lastly, during my incarceration here at FMC Devens, I have both taught and prepared numerous "ACE" classes for other inmates and have-

-1-

spent over five-years as a "Suicide-Watch Companion" as well which is the longest time period for any inmate in this program at FMC Devens.

Sir, I was always told that these activities would result in me receiving the maximum amount of halfway house placement when I was eventually released. To date, I have not informed my parents about this situation and can only hope that your intervention and under-standing can help me receive more "halfway house placement" in the near future.

I thank you for both your time and attention in this matter and earnestly look forward to your reply with hopes that it will include better news.

Sincerely yours,

March 25th, 2004

Glenn P. LaCedra, # 20963-038

-2-



**U.S. Department of Justice**

Federal Bureau of Prisons

*Federal Medical Center, Devens*

*P.O. Box 880*
*Ayer, MA 01432*

April 23, 2004

Lacedra, Glenn P.
Reg. No. 20963-038
FMC Devens, MA



RE: CCC Placement

Dear Mr. Lacedra:

I am in receipt of your letter dated March 25, 2004, in which you indicate you have been approved for a halfway house placement at Coolidge House, Boston, MA, with an acceptance date of July 26, 2004. You state this is approximately an 87 day placement, and request to be considered for an extension of this placement to six months.

On February 19, 1997, you were sentenced to a term of 120 months with 3 years of supervised release for Attempted Malicious Destruction of Property by Means of Explosive. Details of the Presentence Investigation Report (PSI) prepared in your case clearly state you placed a pipe bomb near the gas tank of a vehicle. The PSI further indicates that because of the characteristics of the bomb, and its placement, the offense created a substantial risk of death or serious bodily injury to any occupant of the vehicle. Based on the nature of your instant offense the Greatest Severity Public Safety Factor was applied in your case.

Investigation into this matter has revealed that on February 19, 2004, a Community Correction Center (CCC) referral was mailed on your behalf to the Boston Community Corrections Center. The referral recommended a six month CCC placement. Specifically, a placement date of April 23, 2004, was requested.

As indicated in Program Statement 7310.04, <u>Community Correction Center Utilization and Transfer Procedure</u>, "a number of factors must be weighed to determine the length of CCC placement for inmates, including their individual needs and existing community resources." In addition, recommendations for CCC placements are "based on assessments of inmate needs for services, public safety, and the necessity of the Bureau to manage its inmate population responsibly".

We recently received notification from the Boston Community Corrections Center of your CCC acceptance and placement date of July 26, 2004. This placement affords you 89 days of community based transitional services and falls well within the Bureau of Prisons' guidelines. I trust this information has been responsive to your inquiry. Should you have additional questions, please contact your Unit Manager, Tony Calabro.

Sincerely,

David L. Winn
Warden

**U.S. Department of Justice**



*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

FEB 25

Requester: Glenn P. LaCedra          Request Number: 03-2581

Subject of Request: AUSA Robert F. Richardson

Dear Requester:

**RECEIVED**
**MAR 0 1 2004**
BY:

        Your request for records under the Freedom of Information
Act/Privacy Act has been processed.  This letter constitutes a reply
from the Executive Office for United States Attorneys, the official
recordkeeper for all records located in this office and the various
United States Attorneys' offices.  To provide the greatest degree of
access authorized by the Freedom of Information Act and the Privacy
Act, we have considered your request in light of the provisions of
both statutes.

        All of the records you seek are being made available to you.
We have also processed your request under the Freedom of Information
Act and are making all records required to be released, or
considered appropriate for release as a matter of discretion,
available to you.  **This letter is a full release.**

        [ ]  A review of the material revealed documents which:

        [ ]  originated with another government component.  These
records were referred to the component(s) listed for review and
direct response to you:_____.

        [ ]  are public records which may be obtained from the clerk of
the court or this office, upon specific request, subject to a
copying fee.

        [ ]  A review/search/copying fee is being assessed for the
processing of your request.  Please send a certified check or money
order for $_____, payable to the Treasury of the United States,
within thirty (30) days.  Payment should be mailed to the Freedom of
Information Act/Privacy Act Unit, 600 E Street, N.W., Room 7300,
Washington, DC 20530.

You may appeal this determination by writing within 60 days to the Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C.  20530

This is the final action this office will take concerning your request.

Sincerely,

RECEIVED

MAR 0 1 2004

Marie A. O'Rourke
Assistant Director

Enclosures

(Page 2 of 2)
Form No. 021A - 3/00

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

Assistant U. S. Attorney
*(Position to which appointed)*

01-26-2003
*(Date of appointment)*

Dept. of Justice
*(Department or agency)*

U. S. Attorney's Office
*(Bureau or Division)*

Boston, MA
*(Place of employment)*

I, _____ Robert E. Richardson _____ , do solemnly swear (or affirm) that----

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*(Signature of appointee)*

Subscribed and sworn (or affirmed) before me this 28 day of February , 2003 ,

at Boston                     Massachusetts
*(State)*

[SEAL]

*(Signature of officer)*

Reginald C. Lindsay
District Judge
*(Title)*

Commission expires 04/09/04

*(If by a Notary Public, the date of expiration of his/her Commission should be shown)*

NOTE.- *The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.*

Prior Edition Usable

This form was electronically produced by Elite Federal Forms, Inc.

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

United States Attorney          November 19, 1993
(Position to which appointed)          (Date of appointment)

U.S. Department of Justice   U.S. Attorney's Office          Boston, MA
(Department or agency)       (Bureau or Division)          (Place of employment)

I,          Donald K. Stern          , do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_Donald K. Stern_
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this 18TH day of November , 1993 ,

at          Boston          Massachusetts
(City)          (State)

_Maryellen Barrett - Notary Public_

this document has been
certified on 2/12/04

[SEAL]          _Joseph L. Tauro_
(Signature of officer)

Commission expires 04/09/04          Joseph L. Tauro
(If by a Notary Public, the date of expiration of his/her          U.S. District Judge
Commission should be shown)          (Title)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

NSN 7540-00-634-4015          ★U.S.GPO:1990-265-862/10005          Prior Edition Usable

                                    Glenn P. LaCedra, # 20963-038
                                    FMC Devens, P.O. Box 879,
                                    Ayer, Massachusetts      01432


Clerk of the Court
United States District Court for the
District of Massachusetts
One Courthouse Way, Suite 2500
Boston, Massachusetts    01432

RE: **DEMAND LETTER** for public information which is not an F.O.I.A.
    request. This is the third request for such information that
    is releasable upon request.

Dear Clerk,
            This is my third and final letter which is not a Freedom
of Information Act request. I am writing to obtain a Commission,
certified copy of an oath of office, and loyalty affidavit which
should be in your custody pursuant to Title 5 U.S.C.§ 2906; entitled,
Oath Custody, <u>See</u>: Attachment of U.S.C., of the following persons:

1. Former United States Attorney for the District of Massachusetts
   Donald K. Stern and his former Assistant United States Attorney
   for the same district, Robert E. Richardson.
   These public records documents should be maintained by your
   office, if not, I would like a letter stating the fact why they
   are not currently maintained at your Court.

   I would greatly appreciate both your time and attention in this
very simple matter, and thank you in advance for your anticipated
cooperation.
   I look forward to your response and will construe this as
**proof** that you do not currently maintain any of the above documents,
if ignored a third time.

November 17th, 2003              Sincerely yours,


                                 Glenn P. LaCedra, # 20963-038

AFFIDAVIT OF ROBERT L. TATRO

To whom it may concern,

My name is Robert L. Tatro Jr, DMD.  My brother, Douglas, is serving time at FMC
Devens.  He asked me to call the Federal Court House in Boston to find out if the District
Attorney and the Assistant District Attorney have taken the "oath of office".

On October 2, 2003,  I was able to talk to Mrs. Judy Litwin, the Admissions Clerk.  I
specifically asked about  D.A. Michael J. Sullivan and his Assistant D.A. Michael D.
Ricciuti, who were the attorneys for the prosecution.  Mrs. Litwin explained to me that
the "oath of office" is not required in the Boston district.  To her knowledge no attorneys
had taken the oath in the two years she has been at her position.  I repeated the inquiry,
trying to be specific concerning the above-mentioned attorneys.  She didn't believe any
attorneys in this district has taken the "oath of office", therefore it was correct to say they
hadn't taken the oath.

The above information is true to the best of my ability to record the conversation I had
with Mrs. Judy Litwin.

Respectfully submitted,

Robert L. Tatro Jr., DMD

Martha H. Fare, Notary Public
01/15/2008



**UNITED STATES DISTRICT COURT**
OFFICE OF THE CLERK
JOHN JOSEPH MOAKLEY COURTHOUSE
1 COURTHOUSE WAY, SUITE 2300
BOSTON, MASSACHUSETTS 02210



DEC 1 5 2003

December 11, 2003

Mr. Glenn P. LaCedra # 20963-038
FMC Devens, P.O. Box 978
Ayer, MA 01432

Dear Mr. LeCedra,

The Clerk's Office received your letter requesting copies of the oaths of office executed by United States Attorney Donald K. Stern and Assistant United States Attorney Robert E. Richards.

The statute which you referenced in your letter, 28 U.S.C. § 2906, requires only that the Court deliver to and preserve the oath of those individuals holding offices which "pertain" to the Court. Please be advised that U.S. Attorneys are not Court employees or officials and therefore do not "pertain" to the Court. Accordingly, documents related to the oath of office taken by U.S. Attorneys are not maintained in this office. These documents are maintained by the United States Attorney's Office in Boston.

In order to further assist you, I have spoken to a representative of the U.S. Attorney's Office regarding this matter. I have been informed that the documents you seek have previously been mailed to you. A second copy will be mailed to you shortly from the U.S. Attorney's Office. Please direct any further correspondence regarding this matter to the United States Attorney's Office at U.S. Courthouse, Suite 9200, One Courthouse Way, Boston, MA 02210.

Finally, you may also wish to consult the attached list of legal resources or contact the following organizations for advice and assistance:

Legal Advocacy and Resource Center
197 Friend Street
Boston, MA 02114
Legal Hotline: (617) 603-1700
Statewide Hotline (800) 342-5297

December 11, 2003
Mr. Glenn P. LaCedra
Page 2 of 2

Massachusetts Correctional Legal Services
8 Winter Street, 11th Floor
Boston, MA 02108
(617) 482-2773

I hope that this letter addresses your concerns.

Very Truly Yours,

Deputy Clerk

DEC 15 2003



RECEIVED
AUG 2 2 2003
BY:_____

David A. DiMarzio
Clerk of Court

**UNITED STATES DISTRICT COURT**
*District of Rhode Island*

Paulette J. Dube
Chief Deputy Clerk

August 21, 2003

Glenn P. LaCedra, #20963-038
FMC Devens, P.O. Box 879
Ayer, MA   01432

Re:    REQUEST FOR INFORMATION/DOCUMENTS

Dear Mr. LaCedra:

    Please be advised that your request for information/documents relating to the oaths of office for Assistant United States Attorneys has been forwarded to the U.S. Attorney's office, Providence, Rhode Island, as the documents requested are administered by and retained in that office.

Sincerely,

*Kathleen Sousa*

Kathleen A. Sousa
Executive Assistant to the Clerk

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW HAMPSHIRE
55 PLEASANT STREET, ROOM 110
CONCORD, NEW HAMPSHIRE 03301-3941

RECEIVED
AUG 2 5 2003
BY:_____

**OFFICE OF THE CLERK**
James R. Starr
Clerk of Court

Telephone
603-225-1423

August 21, 2003

Mr. Glenn P. LaCedra
Inmate #20963-038
FMC Devens
PO Box 879
Ayer, MA   01432

Dear Mr. LaCedra:

This is to acknowledge receipt of your letter dated August 14, 2003.

I regret to inform you that the court does not have in its custody any oaths of office for anyone in the United States Attorney's Office.

You may wish to revisit Title 5, United States Code, Section 2906 as there are alternatives listed, other than the court, as being provided with a copy of the oaths you seek.

Very truly yours,

James R. Starr
Clerk

JRS:jeb



# THE LIBRARY OF CONGRESS

WASHINGTON, D.C. 20540-3120

LAW LIBRARY
PUBLIC SERVICES

September 26, 2003

Ms. K. A. Hartley
15 Salty Ridge Road
Orleans, MA 02653
VIA: TELEFAX

RE: Oaths of Office

Dear Ms. Hartley:

This is in reply to your telefax inquiring if oaths of office of current and former United States Attorneys are stored at the Library of Congress.

These affirmations are not stored at the Library of Congress.

We hope the information provided will be of use to you.

Sincerely,

James W. Martin, Jr.
Law Library Reading Room
Operations Officer

SEP 26 2003



**U.S. Department of Justice**

*Executive Office for United States Attorneys*
*Freedom of Information/Privacy Act Unit*
*600 E Street, N.W., Room 7300*
*Washington, D.C. 20530*
*202-616-6757  Fax 202-616-6478*

OCT 1 0 2003

Request Number: __03-2580__    Date of Receipt: __July 2, 2003__

Requester: __Glenn P. LaCedra__

Subject: __Oath of Office for former U.S. Attorney Donald K. Stern__

Dear Requester:

    In response to your Freedom of Information Act and/or Privacy Act request, the paragraph(s) checked below apply:

1.  [XX]    A search for records located in this Office has revealed **No Records**. (**Please see the attached explanation sheet**).

2.  [  ]    A search for records located in the United States Attorney's Office(s) for the _____ has revealed No Records.

3.  [  ]    The records which you have requested from the_____ _____ cannot be located.

4.  [XX]    This office is continuing its work on the other subject/districts mentioned in your request.

5.  [XX]    This is the final action my office will take on this particular request.

    You may appeal my decision in this matter by writing within sixty (60) days from the date of this letter, to:

Office of Information and Privacy
United States Department of Justice
Flag Building, Suite 570
Washington, D.C.  20530

    Both the envelope and the letter of appeal must be clearly marked "Freedom of Information Act/Privacy Act Appeal."

    After the appeal has been decided, you may have judicial review by filing a complaint in the United States District Court for the judicial district in which you reside or have your principal place of business; the judicial district in which the requested records, if any, are located; or in the District of Columbia.

Sincerely,

Marie A. O'Rourke
Assistant Director

Form No. 005 - 6/01

RECEIVED OCT 14 2003

**Requester:   Glenn P. LaCedra**
**Request No.   03-2580**

**<u>Continuation Sheet</u>:**

EOUSA received your initial letter and split your request into two case files.  FOIA file Number (03-2580) was created for the portion of your request which sought the Oaths of Office for the Honorable Donald  K. Stern who was the former U.S. Attorney for the District of Massachusetts.

The Oath of Office for Mr. Stern is no longer maintained at either the USAO or EOUSA Personnel Offices.  As you have indicated on your request letter, Mr. Stern was appointed as the U.S. Attorney for the District of Massachusetts from 1993 to 2001.  Upon termination of employment, the Official Personnel Files (OPF) of all former employees are forwarded to the National Records Center in St. Louis, Missouri.

To get a copy of the requested records, you may write to the National Records Center directly at the following address:

National Personnel Record Center, GSA
111 Winnebago Street
St. Louis, MO 63118



UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GLENN P. LACEDRA,                           )
                                            )
                    Plaintiff,              )
                                            )
         v.                                 )        Civil Action No. 99-0273(JR)
                                            )
EXECUTIVE OFFICE FOR UNITED                 )
STATES ATTORNEYS,                           )
                                            )
                    Defendant.              )
_____)

## DECLARATION OF MARYELLEN BARRETT

I, MARYELLEN BARRETT declare the following:

1.       I am the Grand Jury Coordinator/Freedom of Information Act ("FOIA") contact

person for the Criminal Division, United States Attorney's Office ("USAO") for the District of

Massachusetts.    My responsibilities include managing the USAO Grand Jury Program and

coordinating FOIA and Privacy Act ("PA") requests for access to records located in the USAO for

the District of Massachusetts with the Executive Office for United States Attorneys ("EOUSA").

I am responsible for identifying, discussing, and shipping records as directed by the EOUSA. I make

no determinations regarding the release or withholding of the documents.   The statements I make

herein are either on the basis of my own personal knowledge or on the basis of knowledge acquired

by me through the performance of my official duties.

2.       Due to the nature of my official duties, I have become familiar with the procedures

that were followed by this office in coordinating the FOIA request of Glenn P. LaCedra, numbered

98-554-S.

3.     On or about February 15, 1998, the USAO for the District of Massachusetts received a FOIA request from Glenn P. LaCedra.

4.     On February 17, 1998 I forwarded this request to the EOUSA.

5.     On March 16, 1998, I received via facsimile a search memorandum from EOUSA. Attached to the memorandum was Mr. LaCedra's initial request letter. In this letter Mr. LaCedra requested "(1) any and all inducements, and rewards offered to the chief government witnesses Susan Yodlin and Jennifer Brown; and (2) all scientific fingerprinting results from the inside of the black electrical tape...attached to the device," in U.S. v. LaCedra, Criminal Case No. 96-10074-RCL..

6.     Due to my other duties I was unable to respond immediately to EOUSA's search memorandum.[1]

7.     On April 2, 1999, I received a second search memorandum from EOUSA.

8.     On April 7, 1999, I conducted a search of the USAO for the District of Massachusetts for documents responsive to Mr. LaCedra's FOIA request. I began this search by conducting an electronic search of the LIONS[2] system. I input the name of "Glenn LaCedra" and the criminal case number "96-10074-RCL" which was provided by Mr. LaCedra. (Exhibit 1 attached hereto) into the

---

[1]     The reasons for the delay on this request are as follows: (a) The USAO for the District of Massachusetts was moving to a new building and during the move boxes were lost. Some of the FOIA requests were misplaced. Glenn LaCedras request was one of the misplaced requests; (b) In 1998 we had fourteen active grand juries, managing, scheduling and arranging for the move or these grand jurors, was my main responsibility at the time.

[2]     The Legal Information Office Network System ("LIONS") system became the major computer case tracking system for the USAO for the District of Massachusetts in November, 1997. This system contains all criminal, civil and appellate case matters from November, 1997 to the present.

2

LIONS computer system. I did not locate any information in the LIONS system. The next step which I took was to search the contents of what was formerly known as the PROMIS[3] computer system.[4] This was done by reviewing the case printout of the materials that had been maintained on PROMIS but which had not been transferred to the LIONS system. The information provided as a result of this search indicated that the case was assigned to Assistant United States Attorney ("AUSA") Robert Richardson[5].

9.    Once I had the name of the AUSA who handled the criminal matter, I was able to determine the physical location of the LaCedra criminal case file. The LaCedra criminal case file is comprised of three boxes of material and was at that time located in AUSA Richardson's office. I left the FOI request with Robert Richardson so that he could conduct the physical search of the boxes and determine whether or not responsive documents existed. (Attached as Exhibits 1, 2, 3 are the documents located by AUSA Richardson.)

10.    On May 14, 1999, I sent all responsive documents to EOUSA via facsimile.

---

[3]    The Prosecutor's Information Management System or "PROMIS" was the computer system employed by the USAO prior to the development and the installation of the Legal Information Office Network System ("LIONS"). PROMIS contains case information for all civil and criminal, including appellate matters handled by the USAO for the District of Massachusetts prior to November, 1997. In November of 1997 use of the PROMIS system was discontinued.

[4]    When I forwarded my search information to EOUSA I inadvertently excluded checking the box notifying EOUSA of my search of the LIONS system and of the card file system. As a result, EOUSA stated in the Supplemental Declaration of John F. Boseker, that the USAO for the District of Massachusetts searched the computer tracking system known as PROMIS. (See, Supplemental Declaration of John F. Boseker ¶ 7, attached as Exhibit A to Defendant Executive Office for United States Attorneys' Renewed Motion for Summary Judgment.) I actually searched the contents of the matters which had been entered into the PROMIS system but had not been converted to the LIONS system. This search was not undertaken on an actual computer, but rather I conducted it as a manual search of a computer printout.

[5]    Mr. Richardson no longer works for the USAO for the District of Massachusetts.

11.    By letter dated June 7, 1999, EOUSA informed me that Mr. LaCedra's FOI request had been responded to.

12.    On August 4, 2000, I received an e-mail and facsimile from John F. Boseker, Senior Attorney Advisor. Mr. Boseker attached a copy of this Court's August 4, 2000 Order regarding Glenn LaCedra FOI request #98-554-S.

13.    Mr. Boseker asked me to read the opinion and conduct the searches ordered on pages 1 and 2 of the August 4, 2000 Memorandum.

14.    During the week of Monday, August 21, 2000 through Saturday August 26, 2000, I took the same steps as I had initially undertaken in responding to Mr. LaCedra's FOIA request. I began by conducting an electronic search of the LIONS computer system. I entered the name of "Glen LaCedra" and the criminal case number "96-10074-RCL." I also reviewed the PROMIS printout for Mr. LaCedra's name and criminal case number. I then proceeded to check the card index.[6] The results of the LIONS[7] computer search notified me that the case had been closed and moved to the Major Crimes Section.[8] I retrieved the same three boxes from the Major Crimes Section that had originally been maintained in AUSA's Richardson's office. I had the boxes transferred to my office, where I conducted a physical search of all three boxes.

---

[6]    The card index maintained by the USAO for the District of Massachusetts consists of old case which are not included in either the PROMIS or LIONS computer tracking systems.

[7]    Information was now available on the LIONS system since the case had been officially closed and prepared for storage.

[8]    I did not conduct a computer search of LIONS nor did I review the PROMIS printout for information pertaining to Susan Yodlin and Jennifer Brown. I did not take this step because the standard operating procedure of the USAO for the District of Massachusetts is to never enter the names of witnesses into the computer case tracking systems. The only names input into the case tracking systems is limited to the names of defendants, plaintiffs and other litigants.

4

15.    During this physical search of the LaCedra files I was specifically looking for files or documents pertaining to rewards or inducements offered to Jennifer Brown or Susan Yodlin. In the three boxes I located a file on Jennifer Brown and a file on Susan Yodlin. There was nothing in these folders regarding inducements or rewards offered to these witnesses.

16.    A proper and thorough search for documents was conducted by the USAO for the District of Massachusetts for the specific records requested by Mr. Glenn LaCedra.

I declare under penalty of perjury that the foregoing is true and correct.


Executed on ___4/29___, 2000.


                                        Maryellen Barrett
                                        Grand Jury Coordinator


                                        United States Attorney's Office
                                        District of Massachusetts


5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA  )
                          )
          v.              )    CRIMINAL NO. 97-10025-PBS
                          )
WILLIAM SMITH             )

## STATEMENT OF ROBERT E. RICHARDSON

I currently am employed as an attorney in the private
practice of law, but, at the time of the trial in the above-
captioned matter in June 1997, I was employed as an assistant
United States attorney in the District of Massachusetts.  In
that capacity, I represented the government at the trial of
this matter.  I was present on the afternoon of June 9, 1997,
when the Court held a hearing on the government's motion *in
limine* seeking a pretrial ruling on the admissibility of
certain evidence, including evidence of the defendant's drug
dealing, pursuant to Fed. R. Evid. 404(b).

I have reviewed the partial transcript entitled "First
Day of Jury Trial and Partial Transcript of Hearing on Motions
in Limine," cited hereinafter as "Transcript" or "Tr."  In
most respects it comports with my memory of what transpired on
that day, except that in a number of instances the identity of
the speaker is incorrect.  For example, I do not recall a "Mr.
Henderson" being present at all, and I believe, based both on
my memory and on context, that each time the Transcript
indicates a speech by "Mr. Henderson," the speaker actually