```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
_____
                                )
GLENN P. LACEDRA,               )
                                )
          Petitioner,           )
                                )   C.A. NO. 04-10941-MLW
v.                              )
                                )
DAVID WINN,                     )
                                )
          Respondent.           )
_____)
```

## MOTION TO DISMISS PETITION AS MOOT

After the Petitioner's conviction and sentence, the Federal Bureau of Prisons ("BOP") placed him at the Federal Prison Camp, Ayer, Massachusetts. On May 12, 2004, pursuant to 28 U.S.C. § 2241, Petitioner filed a Habeas Corpus Petition ("Petition") alleging that BOP denied the Petitioner "good-conduct time and earned half-way house placement under the law." Writ of Habeas Corpus Form, p. 1, May 12, 2004. On or about October 22, 2004, Petitioner was released from BOP custody. See Exhibit A, attached hereto.

"It is well settled that a case is moot 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, ... or alternatively, when the 'party invoking federal court jurisdiction' no longer has 'a personal stake in the outcome of the controversy.'" Boston & Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94 F.3d 15, 20 (1st Cir. 1996) (citations omitted).

1

"A case is moot, and hence not justiciable, if the passage of time has caused it completely to lose its character as a present, live controversy of the kind that must exist if the court is to avoid advisory opinions on abstract propositions of law." Laurence H. Tribe, American Constitutional Law S 3-11, at 83 (2d ed. 1988) (internal quotations omitted). Once a case or controversy is moot, a federal court no longer retains jurisdiction to adjudicate the merits of the case. U.S. Const. art. III, Section 2. see also U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership, 513 U.S. 18, 21(1994).

Because the relief sought in the Petition -- removal from BOP custody -- has now been effectuated by BOP's release of the Petitioner on October 22, 2004, see Exhibit A, there is an absence of a live case or controversy. Accordingly, the Petition should be dismissed as moot.

CONCLUSION

There being no present case or controversy, this action should be dismissed as moot.

>Respectfully submitted,
>
>MICHAEL J. SULLIVAN
>United States Attorney
>
>By: /s/ Christopher Alberto
>Christopher Alberto
>Assistant U.S. Attorney
>United States Attorney's Office
>John J.Moakley Federal Courthouse
>1 Courthouse Way
>Boston, MA 02210
>(617) 748-3100

Dated: November 8, 2005

CERTIFICATION UNDER L.R. 7.1

Pursuant to Local Rule 7.1(a)(2), since plaintiff is pro se the parties have not conferred with regard to this motion.

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document to be served upon the pro se Petitioner by mail on November 8, 2005 to the most recent address provided by the United States Probation Office as follows: 118 Pearl Avenue, Revere, MA 02151

>/s/ Christopher Alberto
>Christopher Alberto
>Assistant U.S. Attorney