UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
GLENN P. LaCedra,              )
                               )
        Petitioner,            )
                               )      C.A. NO. 04-10941-MLW
v.                             )
                               )
DAVID WINN,                    )
                               )
        Respondent.            )
_____)
```

MEMORANDUM OF RESPONDENT IN SUPPORT OF
<u>MOTION TO DISMISS PETITION</u>

I.    <u>INTRODUCTION</u>

On May 12, 2004, Petitioner Glenn P. LaCedra ("Petitioner") filed the above-captioned petition with this Court pursuant to 28 U.S.C. § 2241.  In the petition he challenges the Federal Bureau of Prisons' ("BOP") calculation of good time credit and halfway house placement.  As demonstrated below, that prong of the petition should be dismissed as moot.

The Petitioner also attempts to use the 2241 petition as a vehicle to attack his underlying conviction on the purported ground that "[t]he District Court in the Petitioner's criminal case lacked the essential subject-matter jurisdiction 'Ab Initio.'"  For the several reasons set forth below, the prong of the petition should also be dismissed.

II.  PETITIONER'S CLAIMS REGARDING THE CALCULATION OF HIS
     GOOD TIME CREDIT AND HALFWAY HOUSE PLACEMENT SHOULD BE
     DENIED AS MOOT

     After the Petitioner's conviction and sentence, the BOP

placed him at the Federal Prison Camp, Ayer, Massachusetts.  On

May 12, 2004, pursuant to 28 U.S.C. § 2241, Petitioner filed a

Habeas Corpus Petition ("Petition") alleging that BOP denied the

Petitioner "good-conduct time and earned half-way house placement

under the law." Writ of Habeas Corpus Form, p. 1, May 12, 2004.

On or about October 22, 2004, Petitioner was released from BOP

custody.  See Exhibit A, attached hereto.

     "It is well settled that a case is moot 'when the issues

presented are no longer "live" or the parties lack a legally

cognizable interest in the outcome, ... or alternatively, when

the 'party invoking federal court jurisdiction' no longer has 'a

personal stake in the outcome of the controversy.'" Boston &

Maine Corp. v. Brotherhood of Maintenance of Way Employees, 94

F.3d 15, 20 (1st Cir. 1996) (citations omitted).

     "A case is moot, and hence not justiciable, if the passage

of time has caused it completely to lose its character as a

present, live controversy of the kind that must exist if the

court is to avoid advisory opinions on abstract propositions of

law."  Laurence H. Tribe, American Constitutional Law S 3-11, at

83 (2d ed. 1988) (internal quotations omitted). Once a case or

controversy is moot, a federal court no longer retains

2

jurisdiction to adjudicate the merits of the case.  U.S. Const. art.  III, Section 2; see also <u>U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership</u>, 513 U.S. 18, 21(1994).

Because the relief sought in the Petition -- removal from BOP custody -- has now been effectuated by BOP's release of the Petitioner on October 22, 2004, <u>see</u> Exhibit A, there is an absence of a live case or controversy.  Accordingly, the Petitioners claims regarding his good time credits and halfway house placement should be dismissed as moot.

III.    <u>PETITIONER'S CLAIM THAT THE COURT LACKED SUBJECT MATTER JURISDICTION OVER HIS PROSECUTION SHOULD BE DENIED</u>

The Petitioner's claim that the District Court lacked subject matter jurisdiction over his prosecution on the purported basis that the Assistant United States Attorney ("AUSA") who prosecuted him had not taken the oath of office should be dismissed for at least four reasons: (1) it is not the proper subject of a petition brought under 28 U.S.C. § 2241; (2) the Petitioner never received permission from the First Circuit to raise this issue in a second or successive petition under 28 U.S.C. § 2255; (3) in fact, after filing this petition with this Court, the Petitioner did seek permission from the First Circuit to pursue this claim, among others, in a second or successive 2255 petition, and was denied; and (4) the claim is factually without merit.

First, a petition for a writ of habeas corpus under 28

3

U.S.C. § 2241 is appropriate "where petitioner challenges the effect of events 'subsequent' to his sentence." Gormori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976). Section 2241 claims are thus distinct from those available under section 2255 (which involve the validity of a sentence or the conviction pursuant to which it was imposed). The First Circuit has recognized these differences, compare United States v. Barrett, 178 F.3d 34, 50 n.10 (1st Cir. 1999)("Federal prisoners are permitted to use § 2241 to attack the execution, rather than the validity, of their sentences . . . .") with United States v. DiRusso, 535 F.2d 673, 674-76 (1st Cir. 1976)(28 U.S.C. § 2255 grants jurisdiction over post-conviction claims attacking the "imposition or illegality of the sentence"), and has held that 2241 petitions that in fact state 2255 claims must be dismissed. Barrett, 178 F.3d at 38 (a prisoner cannot "evade the restrictions of Section 2255 by resort to the habeas statute, 28 U.S.C. § 2241"). Accord, Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(dismissing 2241 petition that stated claim under section 2255); Broussard v. Lippman, 643 F.2d 1131, 1134 (5th Cir. 1981)("[a]ttacks on the underlying validity of a conviction must be brough under 28 U.S.C. § 2255, not 28 U.S.C. § 2241). Here, nothing in the Petitioner's claim regarding the status of the AUSA who prosecuted him relates to the execution of his sentence; rather, it relates to an error he contends existed well before his

sentencing.

Second, given that this claim is one that must be brought under section 2255, the defendant has not obtained the necessary permission from the First Circuit to bring a second or successive 2255 petition. See 28 U.S.C. §§ 2254, 2255. As the Petitioner concedes in the petition, he filed a 2255 petition that was denied in April 2000. See Petition at 2, ¶ 3; J. Lindsay, April 19, 2004, Memorandum Order, Civil Action 98-10626-RCL. Because he did not obtain an order from the First Circuit authorizing him to file a second or successive 2255 petition on this ground, this prong of the petition must be dismissed.

Third, in fact, the First Circuit has expressly denied the Petitioner's request for authorization to file a second or successive 2255 petition on this ground (among others). See LaCedra v. United States, January 11, 2005, Judgment, 1st Cir. No. 04-2689 attached as Exhibit B. On December 14, 2004, the First Circuit docketed the Petitioner's petition for permission to file a second or successive petition under section 2255. Id. Perhaps recognizing that section 2241 was the incorrect vehicle for raising his claim regarding the AUSA's status, the Petitioner sought permission from the First Circuit to pursue certain claims not addressed in his original 2255 petition, including this claim. Indeed, while undersigned counsel did not compare the language of this prong of the instant 2241 petition with the

corresponding prong of the petition to the First Circuit, it
appears that the language of the argument from page 5 through the
fifth line appearing on page 14 of the Memorandum submitted by
the Petitioner in connection with the instant petition is
substantially identical, if not completely identical, with the
corresponding claim in the First Circuit petition.  On January
11, 2005, the First Circuit, without requiring a response from
the United States, denied the defendant's request to file a
second or successive 2255 petition.  Id.  With respect to this
prong of the request, the First Circuit stated:

> LaCedra claims that the Assistant United States
> Attorney lacked the authority to prosecute him, and
> that the district court therefore lacked jurisdiction
> over the proceedings.  Even if the factual basis for
> the claim is true, it does not follow that the district
> court lacked jurisdiction over LaCedra's criminal
> prosecution [citing United States v. Fitzhugh, 78 F.3d
> 1326, 1330 (8th Cir. 1996)(claim that independent
> counsel who signed indictment was not properly
> appointed was nonjurisdictional); United States v. Adu,
> 82 F.3d 119, 123 (6th Cir. 1996)("Even if the [AUSA's]
> signature [on the indictment]was defective, any
> violation of the signature requirement is a non-
> jurisdictional defect[.]"); United States v. Easton,
> 937 F.2d 160, 162 (5th Cir. 1991)("We conclude that the
> Rule 7(c)(1) requirement of an indictment signed by
> 'the attorney for the government' is
> nonjurisdictional.").] Id.  Accordingly, the claim
> fails.

Accordingly, this issue has already been resolved against the
Petitioner in the specific context of his effort to obtain
permission to raise this claim in the District Court.

    Fourth and finally, the claim is without merit in any event.

Indeed, as the Affidavit of Robert E. Richardson annexed as Exhibit C reveals, not only had the AUSA who prosecuted the Petitioner been sworn in administratively years before the prosecution of the Petitioner was commenced, but he also had been sworn in by this very Court.

CONCLUSION

For the foregoing reasons, the petition should be dismissed.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney

By:  /s/ Christopher Alberto
Christopher Alberto
Assistant U.S. Attorney

/s/Robert E. Richardson
Robert E. Richardson
Assistant U.S. Attorney

United States Attorney's Office
John J.Moakley Federal Courthouse
1 Courthouse Way
Boston, MA 02210
(617) 748-3100


Dated: November 10, 2005

CERTIFICATION UNDER L.R. 7.1
Pursuant to Local Rule 7.1(a)(2), since plaintiff is pro se the parties have not conferred with regard to this motion.

CERTIFICATE OF SERVICE

I hereby certify that I caused true copy of the above document, as well as the Motion to Dismiss Petition, to be served upon the pro se Petitioner by mail on November 8, 2005 to the most recent address provided by the United States Probation Office as follows: 118 Pearl Avenue, Revere, MA 02151

/s/ Christopher Alberto
Christopher Alberto
Assistant U.S. Attorney