# United States Court of Appeals
## For the First Circuit

2005 JAN 11 P 2: 16

FILED IN CLERKS OFFICE
US COURT OF APPEALS
FOR THE FIRST CIRCUIT

No. 04-2689

GLENN P. LACEDRA,

Petitioner,

v.

UNITED STATES,

Respondent.

---

Before

Boudin, <u>Chief Judge</u>,
Lynch and Howard, <u>Circuit Judges</u>.

---

JUDGMENT

Entered: January 11, 2005

The request for permission to file a second or successive motion pursuant to 28 U.S.C. § 2255 is denied. Taken in light of all the evidence presented at trial -- including the documents found during a search of LaCedra's apartment, the discovery of a virtually identical bomb on the date in question, and the testimony of Susan Yodlin, the affidavits now offered as newly discovered evidence would not be "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense." 28 U.S.C. § 2255 ¶ 8.

LaCedra claims that the Assistant United States Attorney lacked the authority to prosecute him, and that the district court therefore lacked jurisdiction over the proceedings. Even if the factual basis for the claim is true, it does not follow that the district court lacked jurisdiction over LaCedra's criminal prosecution. <u>See</u> <u>United States v. Fitzhugh</u>, 78 F.3d 1326, 1330 (8th Cir. 1996) (claim that independent counsel who signed

indictment was not properly appointed was nonjurisdictional); United States v. Adu, 82 F.3d 119, 123 (6th Cir. 1996) ("Even if the [AUSA's] signature [on the indictment] was defective, any violation of the signature requirement is a non-jurisdictional defect[.]"); United States v. Easton, 937 F.2d 160, 162 (5th Cir. 1991) ("We conclude that the Rule 7(c)(1) requirement of an indictment signature by 'the attorney for the government' is nonjurisdictional."). Accordingly, the claim fails.

LaCedra's arguments pursuant to Crawford v. Washington, 541 U.S. 36 (2004), and Blakely v. Washington, 124 S. Ct. 2531 (2004), are premature, as neither case has been declared by the U.S. Supreme Court to apply retroactively to cases on collateral review. See Cuevas v. DeRosa, 386 F.3d 367, 367-68 (1st Cir. 2004) (application for leave to file second or successive petition based on Blakely was premature, given that Supreme Court had not held rule in Blakely to be retroactive); Horton v. Allen, 370 F.3d 75, 83 (1st Cir. 2004) (acknowledging that question of whether Crawford applies retroactively is undecided); cf. Tyler v. Cain, 533 U.S. 656, 662 (2001) (holding that identically worded requirement in 28 U.S.C. § 2244(b)(2)(A) is "satisfied only if [the U.S. Supreme] Court has held that the new rule is retroactively applicable to cases on collateral review").

Application denied.

By the Court:

Richard Cushing Donovan, Clerk.

By: _____
Chief Deputy Clerk.

[cc: Glenn P. Lacedra, Robert E. Richardson, Esq. and Dina Michael Chaitowitz, Esq.]



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| GLENN P. LACEDRA,<br>  Petitioner,<br><br>v.<br><br>DAVID WINN,<br>  Respondent. | )<br>)<br>)<br>)  CIVIL NO. 04-10941-MLW<br>)<br>)<br>) |

### AFFIDAVIT OF ROBERT E. RICHARDSON

I, Robert E. Richardson, hereby depose and state as follows:

1. I am an Assistant United States Attorney ("AUSA") in and for the District of Massachusetts (the "Office"). I commenced duties as such for the first time on or about August 10, 1992. Attached hereto are two appointment affidavits relating to my first employment as an AUSA, one that was executed before the Deputy Administrative Officer on August 10, 1992, and a second one that was executed before this Court on August 12, 1992.

2. I left the Office for private practice in or around May 2000. I returned to employment as an AUSA with the Office in January 2003. Two more appointment affidavits were executed: one before a Human Resources Officer, and the other before United States District Judge Reginald C. Lindsay, which is the affidavit appended to the papers of the Petitioner in the above-captioned matter. With respect to the affidavit executed before Judge Lindsay, it is my memory that, after he had orally administered the Oath of Office to me, Judge Lindsay inadvertently signed in

1

the wrong space, where I was supposed to sign. I signed below the line (given that there was no space left above the line), and Judge Lindsay signed in the correct space.

Signed under the pains and penalties of perjury this 10th day of November, 2005.

                                                          ROBERT E. RICHARDSON

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

| Assistant U.S. Attorney | July 2, 1992 |
|---|---|
| (Position to which appointed) | (Date of appointment) |

| Department of Justice | U.S. Attorney's Office | Boston, MA |
|---|---|---|
| (Department or agency) | (Bureau or Division) | (Place of employment) |

I, _____Robert E. Richardson_____, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

_____/s/ Robert E. Richardson_____
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __10th__ day of __August__, 19_92_,

at _____Boston,_____   _____Massachusetts_____
     (City)                        (State)

[SEAL]

_____/s/ Margaret M Elizalde_____
(Signature of officer)
Margaret M. Elizalde
Deputy Administrative Officer
(Title)

Commission expires _____
(If by a Notary Public, the date of expiration of his/her Commission should be shown)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

NSN 7540-00-634-4015          ★U.S.GPO:1990-265-862/10005          Prior Edition Usable

STANDARD FORM 61
Revised June 1986
U.S. Office of Personnel Management
FPM Chapter 296
61-108

# APPOINTMENT AFFIDAVITS

__Assistant U.S. Attorney__  
(Position to which appointed)

__July 2, 1992__  
(Date of appointment)

__Department of Justice__ __U.S. Attorney's Office__ __Boston, MA__  
(Department or agency) (Bureau or Division) (Place of employment)

I, __Robert E. Richardson__, do solemnly swear (or affirm) that—

## A. OATH OF OFFICE

I will support and defend the Constitution of the United States against all enemies, foreign and domestic; that I will bear true faith and allegiance to the same; that I take this obligation freely, without any mental reservation or purpose of evasion; and that I will well and faithfully discharge the duties of the office on which I am about to enter. So help me God.

## B. AFFIDAVIT AS TO STRIKING AGAINST THE FEDERAL GOVERNMENT

I am not participating in any strike against the Government of the United States or any agency thereof, and I will not so participate while an employee of the Government of the United States or any agency thereof.

## C. AFFIDAVIT AS TO PURCHASE AND SALE OF OFFICE

I have not, nor has anyone acting in my behalf, given, transferred, promised or paid any consideration for or in expectation or hope of receiving assistance in securing this appointment.

*Robert E. Richardson*  
(Signature of appointee)

Subscribed and sworn (or affirmed) before me this __12th__ day of __August__, 19__92__,

at __Boston,__ __Massachusetts__  
(City) (State)

[SEAL]

*Mark L. Wolf*  
(Signature of officer)  
Mark L. Wolf  
U.S. District Judge  
(Title)

Commission expires _____  
(If by a Notary Public, the date of expiration of his/her Commission should be shown)

NOTE.—The oath of office must be administered by a person specified in 5 U.S.C. 2903. The words "So help me God" in the oath and the word "swear" wherever it appears above should be stricken out when the appointee elects to affirm rather than swear to the affidavits; only these words may be stricken and only when the appointee elects to affirm the affidavits.

NSN 7540-00-634-4015

★U.S.GPO:1990-265-862/10005

Prior Edition Usable